IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

TIMOTHY C. BROWN,

        Plaintiff,

vs.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

        Defendant.

Case No. 07-CV-405-FHM

**OPINION AND ORDER**

Plaintiff, Timothy C. Brown, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits. In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

Plaintiff's June 7, 2002, application for disability benefits was denied initially and on reconsideration. Following remand of the case by the district court in a previous appeal, [R. 407], a hearing before Administrative Law Judge ("ALJ") Gene M. Kelly was held on April 25, 2006. By decision dated October 23, 2006, the ALJ entered the findings that are the subject of this appeal. The Appeals Council affirmed the findings of the ALJ on June 1, 2007. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to determining whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v.*

*Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.,* 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

Plaintiff was 44 years old at the time of the hearing. He has a high school education and formerly worked as material handler, janitor and laborer. He claims to have been unable to work since November 16, 1998, as a result of problems with his chest, lungs, back, shoulders, elbow, feet, hearing, ribs, right hand, right leg, collarbone, shortness of breath, depression and anxiety. The ALJ determined that Plaintiff retains the functional capacity to lift and/or carry 10 pounds occasionally; stand and/or walk 4 hours in an 8-hour day at 1 hour intervals; sit 6 hours in an 8-hour day at 2 hour intervals; occasionally climb, bend, stoop, squat, kneel, crouch, operate foot controls with his right lower extremity; push and/or pull with his right upper extremity; reach overhead with his right upper extremity; and would be slightly limited in feeling, fingering and grasping with some additional environmental restrictions. He would also be limited to simple, routine and repetitive tasks and would be slightly limited in contact with the public, coworkers, and supervisors. [R. 388-89].

Based on the testimony of the vocational expert, the ALJ determined that Plaintiff cannot return to his past relevant work but there are a significant number of jobs in the national economy that Plaintiff could perform with these limitations. The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail). At step five of the evaluative sequence the Commissioner has the burden of proof to show that the claimant retains sufficient RFC to perform work in the national economy. *Hackett v. Barnhart*, 395 F.3d 1168, 1171 (10th Cir. 2005).

Plaintiff asserts that the ALJ's determination is not supported by substantial evidence. Plaintiffs arguments all center around the jobs identified by the vocational expert. Specifically, Plaintiff argues that: 1) one of the jobs identified by the vocational expert is inconsistent with the ALJ's finding that he was limited to simple routine tasks; 2) the ALJ failed to obtain a reasonable explanation from the vocational expert for the discrepancy between his slight limitation of his fingering, feeling and grasping ability and the requirement of frequent reaching, handling and fingering in the jobs identified by the vocational expert; 3) the ALJ failed to cite limitations included in a post-hearing mental consultative examination in the residual functional capacity (RFC) findings; and 4) the ALJ failed to take into account Plaintiff's Global Assessment of Functioning (GAF) scores which he argues are inconsistent with an ability to work.

The Court finds that the ALJ's decision must be reversed and the case remanded for further consideration because of unresolved inconsistencies between the ALJ's residual functional capacity (RFC) findings with regard to reaching and the jobs the ALJ found Plaintiff could perform. As hereafter discussed, following cross-examination of the

3

vocational expert, it appears that at most there is a single job a person with the limitations the ALJ found Plaintiff to have could perform. Although the ALJ found that the jobs identified by the vocational expert are "representative of a significant number of jobs," [R. 394], Plaintiff could perform, nothing in the record suggests that there are more jobs than the ones specifically identified by the vocational expert. Further, there is no finding by the ALJ that the one remaining job constitutes a significant number of jobs.

The ALJ found Plaintiff was limited to "occasionally . . . reach[ing] overhead with his right upper extremity." [R. 388-89]. The vocational expert identified three jobs that were consistent with Plaintiff's RFC as posed by the ALJ in hypothetical questioning: labeler, Dictionary of Occupational Titles (DOT) code 209.587-010; bonder/crimper, DOT code 726.685-066; and order clerk, DOT code 209.567-014. [R. 394, 508-510, 514]. The vocational expert stated that his testimony did not deviate from the information in the DOT. [R. 513]. However, on cross-examination when his attention was focused specifically on the reaching requirements listed in the DOT for the jobs listed, the vocational expert testified that if one were limited to "occasional" reaching the order clerk and labeler jobs would be eliminated because the DOT lists those jobs as having frequent reaching requirements. [R. 517]. Of the jobs identified by the vocational expert and included in the ALJ's decision, only the bonder/crimper job could be performed with an "occasional" reaching limitation. Since the ALJ's limitation on reaching referred only to overhead reaching with the right arm and the cross-examination referred to all reaching, it is arguable that the labeler and order clerk jobs are still available with the ALJ's overhead reaching limitation. That distinction must be explored on remand because aside from confusion

4

caused by the lack of specificity regarding reaching limitations, there are other problems as well.

Even if the order clerk job is not eliminated by the reaching requirements it appears that it is eliminated by Plaintiff's mental limitations. The DOT specifies that the order clerk job entails a reasoning level of 3. Reasoning level 3 is one of 6 levels of reasoning development that are assigned to jobs in the DOT. The reasoning development level in the DOT addresses the degree of analytical problem solving required by a job. Level 1 is the lowest level and 6 is the highest. Level 3 requires the ability to:

> Apply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form. Deal with problems involving several concrete variables in or from standardized situations.

DOT; Appendix C, p. 1011.

In *Hackett v. Barnhart*, 395 F.3d 1168, 1176 (10th Cir. 2005), the Court remanded the case because there was an apparent conflict between the Plaintiff's mental ability and the level 3 reasoning required by the jobs identified. Similarly to this case, in *Hackett* the ALJ found: "[m]entally, [Plaintiff] retains the attention, concentration, persistence and pace levels required for simple and routine work tasks." *Id*. The *Hackett* Court found that the residual functional capacity seemed inconsistent with the demands of level 3 reasoning and reversed the decision to remand it to address that apparent conflict. *Id*. The instant case contains the same apparent conflict as existed in *Hackett* and therefore this case must likewise be reversed and remanded for the ALJ to address the apparent conflict.

It also appears that the mental limitations eliminate the bonder/crimper position. When the ALJ included the following mental restrictions in the hypothetical question, the vocational expert testified that the bonder/crimper position was eliminated:

> [M]oderate is described as affects, but does not preclude ability to perform basic work function . . . . A moderate ability to work in coordination with or proximity to other [sic] without being distracted by them, moderate restriction in the ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods, a moderate restriction in the ability to accept instructions and respond appropriately to criticism from supervisors, and a moderate restriction in the ability to get along with co-workers or peers without distracting them or exhibit [sic] behavioral extremes.

[R. 511]. In the denial decision, the ALJ stated, "[d]ue to his symptoms of depression and anxiety, the claimant would be limited to simple, routine and repetitive tasks and would be slightly limited in contact with the public, coworkers and supervisors." [R. 389]. The ALJ defined "slightly limited" as "affects but does not preclude ability to perform basic work functions" [R. 389]. Since the language in the ALJ's decision differs substantially from the language used in the hypothetical questioning, the Court cannot tell whether the ALJ intended to include all of the same mental restrictions in the RFC that were included in the hypothetical questioning. If the ALJ's restrictions are the same, the bonder/crimper job is not available. However, even if the ALJ's restrictions are not the same as the hypothetical question, it is not clear that the bonder/crimper position is available because the record contains no indication of what aspect of the hypothetical mental limitations eliminated the job. These uncertainties, combined with the ones outlined above, make it impossible for the Court to say that the decision is supported by substantial evidence.

It is unfortunate that the case must be remanded a second time. However, since the Court cannot say that additional fact finding would serve no useful purpose, a remand for an award of benefits is not appropriate. *Dollar v. Bowen,* 821 F.2d 530, 534 (10th Cir. 1987)(outright reversal and remand for immediate award of benefits is appropriate when additional fact finding would serve no useful purpose).

The foregoing errors require that the case be REVERSED and REMANDED for further evaluation in accordance with this opinion.

SO ORDERED this 26th day of August, 2008.

*/s/ Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE